Abraham N. Geller, J.
Defendant has made a coram nobis type motion for a confession-voluntariness hearing pursuant to People v. Huntley (15 N Y 2d 72). He was tried in December, 1944, convicted of murder, first degree (felony murder), and sentenced to life imprisonment. The conviction was unani *949 mously affirmed by the Appellate Division and leave to appeal to the Court of Appeals was denied. The District Attorney opposes this application on the ground that the issue of voluntariness of defendant’s admissions was not in the case.
In Huntley (p. 77) the Court of Appeals directed that “in all cases heretofore tried and concluded and in which confessions were introduced and their vohmtariness contested, and the normal appellate processes have been exhausted or are no longer available, defendants seek Jackson-Denno relief by coram nobis motion” (emphasis supplied). Further on, in summing up as to the applicable procedure, it was stated (also p.77): “No Jackson-Denno hearing will be necessary in cases where a confession was admitted without any objection by the defendant or any assertion by him or his witnesses as to voluntariness. Even in these cases, however, if the trial court has charged the jury on voluntariness the issue was in the case and a new hearing is indicated.”
This assumes that the trial court would not be charging on voluntariness unless that issue were in the case. The last-quoted sentence from Huntley would take care of the situation where the court charged on voluntariness, though defendant had not objected to the admission of the confession and had not himself or through witnesses offered direct testimony as to involuntariness, but his attorney had sought to establish involuntariness by cross-examination of the prosecution confession witnesses or had argued in his summation to the jury that the circumstances testified to by the prosecution witnesses spelled out involuntariness or, even though defendant’s attorney may not have done any of these, where the circumstances were such that the trial court evidently deemed them sufficiently equivocal in their bearing on voluntariness to submit the issue to the jury. In one form or another voluntariness must have been an issue in that case for the Judge’s charge on the subject to be the basis for granting a confession-voluntariness hearing.
That also is the basic assumption of the holding in Jackson v. Denno (378 U. S. 368) as to a defendant’s right to have the voluntariness issue determined in a proceeding separate and apart from the body trying guilt or innocence. This presupposes that there is an issue as to voluntariness in some form in the case separate and apart from the existence of the confession, its truth or falsity, or the guilt or innocence of defendant. Indeed, that separateness of the voluntariness issue and the right of a defendant to a reliable and independent determination .of that issue are the hallmarks of Jackson-Denno.
*950 But, obviously, if the record conclusively establishes that there was no issue of voluntariness to be separately tried and determined and the trial court merely charged the jury in the language of our confession statute — section 395 of the Code of Criminal Procedure — and as to when and how a confession may be considered under that provision, a confession-voluntariness hearing is not indicated, since there would be nothing to be tried at such a hearing.
The court has reviewed the entire record of this 1944 trial. The police testimony was that defendant had replied to all of their questioning that he knew nothing about the crime and that he did not do it. The only admissions in the record were testified to by three persons not connected with law enforcement. It should be noted that section 395 refers to a confession, whether in the course of judicial proceedings “ or to a private person,” being admissible in evidence “ unless made under the influence of fear produced by threats ”. So, if involuntary, an admission to any person would have to be disregarded.
The testimony of these witnesses was that the admissions had been made in the course of various conversations with defendant. Defendant’s attorney did not cross-examine any of these witnesses on the circumstances at the time of the admissions, to show involuntariness, nor did he say a single word in his summation on the subject of involuntariness. The sole contention of defendant, both through his own testimony and the cross-examination, statements to the Trial Judge and summation of his attorney, was that he knew nothing about the crime, that he never said the things testified to by these witnesses and that they were lying. When defendant was being questioned by his attorney as to police treatment, the Trial Judge pointed out to counsel that the only admissions claimed were those testified to by the three private persons, adding: “ And he says all that testimony is false.” Defendant’s counsel said: “ That is right,” and defendant interposed: “ All of it. It is all lies.” The Trial Judge then said: “ This isn’t a case where he claims they got admissions from him under duress.”
In his charge the Trial Judge, after referring to these admissions, told the jury: “ There is no evidence that, if he did make those statements to these different people, he was under duress,” and that defendant’s testimony was that “ all of them were telling lies * * *. He denied everything they said.” He read to the jury section 395 and, instructing them as to how to apply it, said: ‘ ‘ And it is up to you to say, whether or not those statements alleged to have been made by this defendant were free and voluntary statements, and whether they were actually *951 made. If you believe that- they were free and voluntary statements made by him you may consider these alleged admissions as part of the evidence in the case. ’ ’
In view of the unusual circumstances in this case as to the admissions to private persons and the nature and contention of the defense, as well as the Judge’s own statements regarding the absence of any issue as to voluntariness, this instruction obviously was intended merely as explanatory of the statutory provision to indicate to the jury, as a general proposition, when a confession may be considered as part of the evidence in a case. Had the jury chosen to ignore the admissions on the ground that, though actually made, they were involuntary, such a finding would have been without any foundation whatever and grossly improper.
Ordinarily, it would be true that if the trial court has charged the jury on voluntariness the issue can be presumed to have been in the case and a new hearing would be indicated. But there may be a special situation, such as existed in this case, where the record conclusively establishes that the issue was not in the case, not even to the extent of possibly permitting an inference of involuntariness to be drawn from the evidence given of the circumstances surrounding the confession, so that the charge on voluntariness in such a case should be regarded solely as instructional on the consideration of confessions generally under our statutory provision. Under these particular circumstances the Judge’s charge cannot be held to have by itself injected the issue of voluntariness into a case which on no possible view and in no form whatever was in the case. If this motion were to be granted, there would be á hearing without reason or purpose. If this motion were to be granted, that would mean that in every case where a confession or admission was introduced, and regardless of whether the issue of voluntariness was contested or in the case in any form, a hearing would be required merely because the court’s charge included an instruction on the confession statute and as to how, under its provisions, a confession may be considered. The motion is accordingly denied.